IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY L. HALL, | ) 3:14 CV 10000 |
| | ) |
| Plaintiff, | ) CASE NO. JUDGE CARR |
| | ) |
| v. | ) COMPLAINT |
| | ) JURY TRIAL DEMANDED |
| NORFOLK SOUTHERN RAILWAY COMPANY, Individually and as Successor-in-interest to Norfolk and Western Railway Company, CSC-LAWYERS INCORPORATING SERVICE (CORPORATION SERVICE COMPANY) 50 W. BROAD ST SUITE 1800 COLUMBUS, OH 43215 | ) ) ) ) ) ) ) ) |
| Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jeffrey L. Hall, by and through counsel of record, alleges and will show unto this Honorable court as follows:

1. The Plaintiff, Jeffrey L. Hall, is a citizen and resident of the State of Ohio.

2. That Plaintiff was employed by the Defendant in the state of Ohio.

3. That the Defendant, Norfolk Southern Railway Company, as successor-in-interest to the Norfolk and Western Railway Company (collectively, the "Defendant"), is a corporation organized and existing under the laws of various states, and which is and was, at all times relevant hereto, engaged in interstate commerce in and throughout the several states of the United States as a common carrier by rail; and for the purpose hereof did operated locomotives,

1

railroad cars and repair facilities and transacted substantial business in and about Cuyahoga County, Ohio.

4. That the defendant Norfolk Southern Railway Company is responsible for any and all acts or omissions of the Norfolk and Western Railway Company.

5. During the course of Plaintiff's employment, the Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the Plaintiff, were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore, the rights and liabilities of the parties were and are governed by the Federal Employer's Liability Act, 45 U.S.C. § 1 et seq., which Act grants this Court jurisdiction over this action.

6. During the period from 1974 - 2009, Plaintiff was employed with the Defendant as an equipment operator, repairman and other duties in its Bellevue, Ohio shops as well as others in the Bellevue, Ohio territory and was engaged in the performance of his duties in these and other capacities as an employee of the Defendant.

7. That during the course of Plaintiff's employment with the Defendant, he was exposed to toxic substances, including but not limited to asbestos, chemicals and diesel fumes which caused him to develop lung cancer.

8. The Plaintiff was diagnosed with Lung Cancer on July 14, 2011. Accordingly, this action is filed within the three (3) year time period proscribed by 45 USC § 51 et seq.

9. That at all times relevant, Plaintiff was unaware of the dangerous propensities of these toxic substances, including but not limited to asbestos, chemicals and diesel fumes and was unaware of the cause of his latent abnormal medical condition.

## COUNT I
### (Federal Employer's Liability Act)

10. Plaintiff realleges and incorporates the factual and jurisdictional allegations of this pleading as if restated verbatim herein.

11. The Defendant, by and through Defendant's duly authorized agents, servants and employees, were then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiff with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiff of the true nature and hazardous effects of the asbestos, chemicals and diesel fumes to which he was exposed;

(d) in failing to operate the locomotive repair facility in a safe and reasonable manner;

(e) in failing to provide instructions or a method for the safe use of asbestos;

(f) in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g) in failing to test asbestos-containing products prior to requiring employees to work with same, to determine their hazardous nature;

(h) in failing to formulate and implement a safe method of handling asbestos, chemicals and diesel fumes and thereby exposing Plaintiff to concentrations sufficient to cause disease;

(i) in failing to provide Plaintiff with safe and proper ventilation systems in the locomotive repair facility;

(j) in allowing unsafe practices to become the standard practice;

(k) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of working with or around asbestos, chemicals and diesel fumes;

(l) in failing to inquire of the suppliers of asbestos-containing products the hazardous nature of those materials;

(m) in requiring employees to work with hazardous products or materials;

(n) in failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

(o) in failing to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to asbestos, chemicals or diesel fumes;

(p) in failing to periodically inspect its locomotives or Rail cars in order to ascertain any unsafe conditions related to asbestos;

(q) in allowing excessive dust or fumes from asbestos, chemicals and diesel fumes to exist and remain in the work area;

(r) in failing to conduct adequate, if any, industrial hygiene, epidemiological or medical studies related to asbestos, chemicals and diesel fumes and their effect on the employees of the Defendant.

(s) in failing to follow the advice of their own Railroad surgeons and physicians regarding the dangers of asbestos and the methods available to reduce employee exposures.

12. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant, Plaintiff suffered exposure to

toxic substances including, but not limited to, asbestos, chemicals and diesel fumes that are the cause of Plaintiff's injuries.

13. That, as a result of the exposure referred to herein, Plaintiff has suffered great pain, mental anguish, and severe injuries, economic damages and non-economic damages and hedonic damages.

14. Plaintiff's enjoyment of life has been greatly reduced as he suffers from the disease Lung Cancer.

15. Plaintiff and his family have and will continue to be forced to incur medical expenses by way of doctor, hospital and drug bills, as a result of Plaintiff's severe and devastating disease.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000.00 and/or the jurisdictional limitation and to be determined by the trier of fact, the costs of this action, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ATTORNEYS FOR THE PLAINTIFF

*Lipson O'Shea Legal Group*
Beachcliff Market Square
19300 Detroit Road - Suite 202
Rocky River, Ohio 44116
(440) 356-2700 - office
(216) 470-8098 - cell
(440) 331-5401 - fax
michael@lipsonoshea.com

And

**MOTLEY RICE LLC**
John E. Guerry, III
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465
(843)216-9000